**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ALFREDO MORENO-SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security, et al.,<br><br>Respondents. | Case No.:  3:26-cv-01799-RBM-BLM<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Jose Alfredo Moreno-Sanchez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.) For the reasons set forth below, the Petition is **GRANTED IN PART**.

## I.   BACKGROUND

Petitioner, a national of Mexico, last entered the United States in 2002.  (Doc. 1 ¶¶ 1, 16.)  On March 2, 2026, Petitioner was detained by Respondents and transferred to the Otay Mesa Detention Center where he remains detained.  (*Id*. ¶¶ 2, 17.)

An immigration judge denied Petitioner's request for custody redetermination based on a finding that Petitioner was subject to mandatory detention under section 235(b)(1)(B)(iii)(iv) of the Immigration and Nationality Act ("INA").  (*Id*. ¶ 3; *see* Doc. 1-2 at 1 (citing *Matter of Yajure Hurtado*, 28 I&N Dec. 216 (BIA 2025)).)  The IJ noted that the Ninth Circuit has stayed the district court's orders in *Bautista v. Santacruz*, — F. Supp.

1

3d—, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).  (Doc. 1 ¶ 3; *see* Doc. 1-2 at 1 (citing *Maldanado Bautista v. DHS*, No 26-1044 (9th Cir., Mar. 6, 2026)).)

On March 20, 2026, Petitioner commenced this action by filing the instant Petition. (Doc. 1.)  Respondents filed a Response to Petition on March 31, 2026.  (Doc. 4.)  Petitioner has not filed an optional reply as of the date of this Order.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner claims his continuing detention exceeds statutory authority and violates the Fifth Amendment's Due Process Clause.  (Doc. 1 ¶¶ 20, 23–34.)  Respondents "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  (Doc. 4 at 1–2.)

In light of Respondents' non-opposition, and the Court's previous orders concerning similarly situated petitioners, the Court finds that Petitioner is detained under 8 U.S.C. § 1226(a) and "his arrest and detention without a meaningful bond hearing [therefore violated] the Due Process Clause."  *See N.A. v. LaRose*, No. 3:25-CV-03028-RBM-DEB, 2025 WL 3512412, at *5 (S.D. Cal. Dec. 8, 2025) (finding a petitioner who was not apprehended upon arrival and resided in the United States for 17 years was subject to § 1226's discretionary detention procedures and entitled to a bond hearing).  While Petitioner seeks his immediate release (*see* Doc. 1 at 9–10, Prayer for Relief ¶ 2), the Court

2

finds it appropriate to hold a bond hearing under § 1226(a) to determine the conditions of his potential release. Accordingly, the Court finds that Petitioner is entitled to a bond hearing. *See N.A.*, 2025 WL 3512412, at *5 (concluding "due process requires [the petitioner] receive a bond hearing under § 1226.").[1]

## IV.   CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED IN PART**. To the extent that Petitioner requests to be released from custody, the Petition is **DENIED**. Accordingly, the Court further **ORDERS** as follows:

1. Respondents are **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) **within ten (10) days** of the entry of this Order.

2. At the bond hearing, Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

3. Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

4. If the bond hearing is not conducted within ten days of the entry of this Order, Respondents shall release Petitioner from custody until it is determined that his detention is warranted under § 1226(a).

5. Respondents **SHALL FILE** a status report on or before May 4, 2026 indicating whether and when Petitioner received a bond hearing.

**IT IS SO ORDERED**.

DATE:  April 24, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

3

3:26-cv-01799-RBM-BLM